```
            FILED
   CLERK, U.S. DISTRICT COURT

        MAR 3 1 2014

   CENTRAL DISTRICT OF CALIFORNIA
   BY                      DEPUTY
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ISAIAH CORTEZ POSEY,                ) Case No. CV 10-1779-GW (JPR)
                                    )
                Petitioner,         )
                                    )
            vs.                     ) ORDER ACCEPTING FINDINGS AND
                                    ) RECOMMENDATIONS OF U.S.
                                    ) MAGISTRATE JUDGE
K. HARRINGTON, Warden,              )
                                    )
                Respondent.         )
_____)

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("FAP"), records on file, and Report and Recommendation ("R&R") of the U.S. Magistrate Judge.  On November 20, 2013, Petitioner filed Objections to the Report and Recommendation and a Request for a Certificate of Appealability, in both of which he simply reargues the merits of his three claims even though the Magistrate Judge did not reach the merits of two of them, finding that they were procedurally defaulted and that one was also untimely under 28 U.S.C. § 2244(d)(1).

Although Petitioner's Objections therefore provide no basis for not accepting the Magistrate Judge's findings and recommendations, two recent Ninth Circuit decisions require some discussion.  In Nguyen v. Curry, __ F.3d __, 2013 WL 6246285, at *9 (9th Cir. Dec. 4, 2013), the Ninth Circuit held that a claim

1

1   that appellate counsel was ineffective for failing to raise a

2   double jeopardy argument on direct appeal related back to

3   Petitioner's claim that his rights were violated under the Double

4   Jeopardy Clause – which in turn related back to the original

5   petition – and therefore was not barred by § 2244(d)(1)'s one-

6   year limitation period.

7        In this case, the Court earlier accepted the Magistrate

8   Judge's reasoning, in the June 1, 2012 R&R recommending that

9   Respondent's motion to dismiss the FAP be denied, that

10  Petitioner's multilayered claim of ineffective assistance of

11  counsel (ground two of the FAP) – including a subclaim that

12  counsel failed to object to the trial court's aiding-and-abetting

13  instructions – did not relate back to his claim that the trial

14  court erred in giving those instructions, which the Court found

15  <u>did</u> relate back to the original Petition.   (<u>See</u> Nov. 29, 2012

16  Order Accepting Findings & Recommendations of U.S. Magistrate

17  Judge (docket No. 52); <u>see also</u> June 1, 2012 R&R (docket No. 49)

18  at 10-11.)   That finding might be in tension with <u>Nguyen</u>.[1]

19       <u>Nguyen</u>, however, which contains very little analysis on this

20  issue, <u>see</u> 2013 WL 6246285, at *8-9, might conflict with the

21  Ninth Circuit's earlier decision in <u>Schneider v. McDaniel</u>, 674

22  F.3d 1144 (9th Cir.), <u>cert. denied</u>, 133 S. Ct. 579 (2012), which

23  the Magistrate Judge relied on in the June 2012 R&R (see June 1,

24  2012 R&R at 11) but which <u>Nguyen</u> does not discuss or even cite.

25  _____

26      [1]<u>Nguyen</u> could potentially affect only the ineffective-
    assistance-of-counsel subclaim concerning the aiding-and-abetting
27  instructions.  All of Petitioner's other ineffective-assistance-
    of-counsel subclaims clearly do not relate back to the original
28  Petition, for the reasons the Court found when it accepted the
    Magistrate Judge's June 2012 R&R.

1   Schneider held that a habeas petitioner's various ineffective-

2   assistance-of-counsel claims based on trial counsel's failure to

3   take certain actions or make certain objections did not share a

4   common core of operative facts with claims resting on the events

5   at trial that he failed to object to or take action on.  674 F.3d

6   at 1151-52 (holding that new claims were untimely because they

7   did not relate back to claims in original petition).  Of course,

8   when a subsequent three-judge-panel opinion conflicts with the

9   opinion of an earlier three-judge panel, it is the earlier

10  decision that controls.  Avagyan v. Holder, 646 F.3d 672, 677

11  (9th Cir. 2011).  Moreover, Schneider may be distinguishable from

12  Nguyen in that in it, as here, the actions that counsel was

13  accused of being ineffective for failing to take were not

14  precisely the same as the underlying substantive claims, see 674

15  F.3d at 1151-52, whereas in Nguyen it appears they were, see 2013

16  WL 6246285, at *8-9.  In any event, the Court need not decide

17  whether it erred in finding that the jury-instruction subclaim of

18  Petitioner's ineffective-assistance-of-counsel claim did not

19  relate back to the Petition, because the Magistrate Judge has

20  found in the most recent R&R (see Oct. 25, 2013 R&R (docket No.

21  75) at 26-29) – correctly – that the entire ineffective-

22  assistance-of-counsel claim is procedurally defaulted as well.[2]

23  For that reason, the Magistrate Judge correctly declined to reach

24  the merits of the claim.

25      In Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013), the

26  _____

27      [2]Petitioner has not made any sort of argument based on
    Martinez v. Ryan, 566 U.S. __, 132 S. Ct. 1309, 182 L. Ed. 2d 272
28  (2012), or Trevino v. Thaler, 569 U.S. __, 133 S. Ct. 1911, 185
    L. Ed. 2d 1044 (2013).

1 | Ninth Circuit recently held that a magistrate judge
2 | "affirmatively misled" a petitioner into believing that his
3 | amended petition would be timely by granting him leave to file it
4 | within a certain time period without warning him that it might
5 | nonetheless be time barred under § 2244(d)(1).  In this case, a
6 | previously assigned magistrate judge similarly granted Petitioner
7 | leave to file the FAP by a certain deadline, which Petitioner
8 | met, without warning him that its claims might nonetheless be
9 | untimely.  (See July 27, 2010 Order Staying Proceedings (docket
10 | No. 24).)  Under Sossa, then, the Magistrate Judge's conclusion
11 | that Petitioner's ineffective-assistance-of-counsel claim is
12 | untimely under § 2244(d)(1) (see Oct. 25, 2013 R&R at 15-18)
13 | might be wrong (although Petitioner has never made this
14 | argument).  But again, any error is necessarily harmless because,
15 | as noted above and for the reasons in the October 25, 2013 R&R,
16 | the Magistrate Judge correctly concluded that the claim is
17 | procedurally defaulted and therefore cannot be considered on the
18 | merits in any event.

19 |     Accordingly, having made a de novo determination of the
20 | parts of the Report and Recommendation to which Petitioner
21 | objects, the Court accepts the findings and recommendations of
22 | the Magistrate Judge except her conclusion that ground two of the
23 | FAP, alleging ineffective assistance of counsel, is untimely
24 | under § 2244(d)(1).

1    IT THEREFORE IS ORDERED that Petitioner's request for an
2  evidentiary hearing is DENIED and Judgment be entered DENYING the
3  First Amended Petition and dismissing this action with prejudice.
4
5
6  DATED: _March 7, 2014_          _George H. Wu_
7                                  GEORGE H. WU
                                   U.S. DISTRICT JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28